UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

HENRY G. STRONG, JR.,            Case No. 12-21523-dob
                                                      Chapter 7 Proceeding
               Debtor.                            Hon. Daniel S. Opperman
_____/

Opinion Regarding Motion to Avoid Lien

The Debtor, Henry G. Strong, Jr., seeks to avoid a lien of Reliable Auto Finance ("Reliable") on his 2011 income tax refund. Reliable is a judgment creditor of the Debtor and served a writ of garnishment on the State of Michigan on December 2, 2011. The Debtor filed bankruptcy on May 7, 2012, and now seeks the return of his 2011 income tax refund.

Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (E) (orders to turn over property of the estate); and (K) (determinations of the validity, extent, or priority of liens).

All issues before the Court arise out of Title 11 of the United States Code and, therefore, do not involve limitations on this Court's jurisdiction as set forth in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

Applicable Statute

11 U.S.C. § 522(f)(1) states:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —

1

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

Analysis

The Debtor argues that Section 522 allows him to avoid the lien created when the writ of garnishment was served on the State of Michigan. Per *Bleau v. First of Am. Bank-Central (In re Arnold)*, 132 B.R. 13, 14-15 (Bankr. E.D. Mich. 1991)(J. Spector), the lien of Reliable was perfected when the writ of garnishment was served. Applied to these facts, it is undisputed that the Debtor would have the right to exempt the 2011 state income tax refund, but for the writ of garnishment served by Reliable on the State of Michigan. In response, Reliable cites the case of *Farrey v. Sanderfoot*, 500 U.S. 291 (1991) which holds that a debtor cannot avoid a lien such as the one created here if the debtor did not have an interest in the property prior to the lien being created. Reliable argues that since the 2011 tax refund could not have been known until the end of 2011, that is December 31, 2011, and possibly much later once the Debtor's tax return is actually filed, then the *Farrey* decision requires this Court to hold that the Debtor cannot avoid Reliable's lien.

The impact of *Farrey* in this case is unclear. A number of authorities, including Colliers, has criticized the *Farrey* decision and urge that it be limited to domestic support obligations only. Moreover, certain courts have not followed the extension of *Farrey* beyond domestic support matters, such as the courts in *In re Garcia*, 155 B.R. 173 (E.D. Ill. 1993) and *General Motors Acceptance Corporation v. Bates (In re Bates)*, 161 B.R. 965 (N.D. Ill. 1993). The Second Circuit, however, in *In re Marine Midland Bank v. Scarpino (In re Scarpino)*, 113 F.3d 338 (2nd Cir. 1997) has held that after acquired property to which a previously recorded judgment lien attached is not subject to avoidance under Section 522(f)(1).

Complicating the analysis is the nature of the property in issue, that is tax refunds. As decided

by the District Court for the Eastern District of Michigan in *In re Araj*, 371 B.R. 240 (E.D. Mich. 2007), District Judge Battani held that tax refunds are accrued over the course of a year and not merely at the occurrence of a single event, that is the end of the year itself. As the *Araj* court held, tax refunds are to be prorated. This Court has used *Araj* as a basis for determining other issues involving tax refunds, namely the determination of what property is property of the estate and the ability of the Debtor to exempt that property.

Applying these principles to this case, the Court holds that the tax refunds in question were accrued and, therefore, are property of the Debtor as mandated by *Araj*. To the extent that 11 U.S.C. § 522 allows the Debtor to avoid this lien, then the Court will apply the date that the lien attached, namely December 2, 2011, as the appropriate date. On December 2, 2011, therefore, a portion of the Debtor's tax refund accrued and the Debtor had an interest in the prorated amount. *Farrey* does not apply to this portion of the Debtor's tax refund and the Debtor may avoid this lien. To the extent *Farrey* does apply, the maximum amount that may not be avoided by the Debtor is that refund earned after December 2, 2011. For ease of calculation, the Court would urge that the parties consider the that 11/12 of the $1,666.00 refund to have been earned by the Debtor and, therefore, subject to avoidance with the remainder being acquired after Reliable filed its lien and not avoidable by the Debtor.

Counsel for the Debtor may prepare an order consistent with this Opinion.

Not for publication.

**Signed on December 21, 2012**

                                      **/s/ Daniel S. Opperman**
                                      **Daniel S. Opperman**
                                      **United States Bankruptcy Judge**